# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 21, 2022

Lyle W. Cayce
Clerk

No. 22-50110

Isabel Longoria; Cathy Morgan,

*Plaintiffs—Appellees*,

*versus*

Warren K. Paxton, *in his official capacity as Attorney General of Texas*; Shawn Dick, *in his official capacity as Williamson County District Attorney*,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CV-1223

Before Southwick, Haynes, and Higginson, *Circuit Judges*.

Per Curiam:*

As we explained in our March 21, 2022, opinion certifying questions to the Texas Supreme Court, this case presents a constitutional challenge to two provisions of the Texas Election Code—§ 276.016(a)(1) (the "anti-

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-50110

solicitation provision") and § 31.129 (the "civil liability provision"). The district court granted Plaintiffs Cathy Morgan and Isabel Longoria a preliminary injunction, enjoining enforcement of the challenged provisions. Two defendants—Ken Paxton, the Texas Attorney General, and Shawn Dick, the Williamson County District Attorney—appealed. The only issues before us are Morgan's challenge to Dick's enforcement of the anti-solicitation provision and Longoria's challenge to Paxton's enforcement of the civil liability provision.

We certified questions to the Texas Supreme Court on issues directly affecting Morgan and Longoria's standing. On June 10, 2022, the Texas Supreme Court answered those certified questions. *Paxton v. Longoria,* No. 22-0224, 2022 WL 2080867 (Tex. June 10, 2022). As to this case, the Texas Supreme Court held that Morgan, as a Volunteer Deputy Registrar, is not a "public official" within the meaning of the Texas Election Code. *Id.* at *4. Therefore, the anti-solicitation provision does not apply to her, and she lacks standing to pursue her claim against Dick. *See Speech First, Inc. v. Fenves*, 979 F.3d 319, 330 (5th Cir. 2020). Thus, we vacate the preliminary injunction as to Dick, and remand the case to the district court with instructions to dismiss Morgan's claim against him for want of jurisdiction. Dick's motion to remand is accordingly denied as moot.

The Texas Supreme Court also held, as to this case, that Paxton lacks authority to enforce the civil liability provision. *Paxton*, 2022 WL 2080867, at *7. Therefore, he lacks the requisite connection to the enforcement of the civil liability provision for application of *Ex parte Young*, and Longoria's claims are thus barred by sovereign immunity. *See Tex. Democratic Party v. Abbott*, 978 F.3d 168, 179 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1124 (2021). We accordingly vacate the preliminary injunction as to Paxton, and remand the case to the district court with instructions to dismiss Longoria's claim against him for want of jurisdiction.

No. 22-50110

The remainder of the injunction was not appealed—therefore, it is not properly before us.

VACATED and REMANDED.   Appellant Dick's Motion for Remand is DENIED as moot.